| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP<br>Stephen Karotkin (*pro hac vice*)<br>(stephen.karotkin@weil.com)<br>Theodore Tsekerides (*pro hac vice*)<br>(theodore.tsekerides@weil.com)<br>Jessica Liou (*pro hac vice*)<br>(jessica.liou@weil.com)<br>Matthew Goren (*pro hac vice*)<br>(matthew.goren@weil.com)<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212 310 8000<br>Fax: 212 310 8007 | KELLER & BENVENUTTI LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kellerbenvenutti.com)<br>Peter J. Benvenutti (#60566)<br>pbenvenutti@kellerbenvenutti.com<br>Jane Kim (#298192)<br>(jkim@kellerbenvenutti.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: 415 496 6723<br>Fax: 650 636 9251 |

*Attorneys for Plaintiffs (Debtors and Debtors in Possession)*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>**PG&E CORPORATION**<br>- and -<br>**PACIFIC GAS & ELECTRIC COMPANY,**<br>                   **Debtors.** | Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>Adv. Pro. No. 19-03039 (DM) |
| **PG&E CORPORATION,<br>PACIFIC GAS & ELECTRIC COMPANY,**<br>                   **Plaintiffs**,<br>v.<br>**PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF NEW MEXICO, et al.**<br>                   **Defendants**. | **STIPULATION AND AGREEMENT FOR ORDER REGARDING SCHEDULING**<br>[No Hearing Requested] |

This stipulation and agreement for order ("**Stipulation and Agreement for Order**") is entered into by and between PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned Chapter 11 cases, and as Plaintiffs in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), on the one hand, and Public Employees Retirement Association of New Mexico ("**PERA**"), on the other hand. The Debtors and PERA are referred to in this Stipulation and Agreement for Order collectively as the "Parties," and each as a "Party." The Parties hereby stipulate and agree as follows:

## RECITALS

A. On June 18, 2019, the Debtors commenced the above-captioned adversary proceeding (the "**Adversary Proceeding**") by filing Debtors' Complaint for a Preliminary and Permanent Injunctive Relief as to *In Re PG&E Corp. Securities Litig.*, 18-cv-03509 (N.D. Cal.) [Adv. Docket No. 1] (the "**Complaint**").

B. On June 18, 2019, the Debtors filed Debtors' Motion for Preliminary Injunction as to *In Re PG&E Corp. Securities Litig.*, 18-cv-03509 (N.D. Cal.) [Adv. Docket No. 2] (the "**Motion**").

C. On June 19, 2019, this Court issued a Summons and Notice of Scheduling Conference in the Adversary Proceeding [Adv. Docket No. 5] (the "**Summons**"). The Summons set a scheduling conference in the Adversary Proceeding (the "**Scheduling Conference**") for August 28, 2019, at 9:30 AM PDT.

D. On June 19, 2019, this Court issued an Order Re Initial Disclosures and Discovery Conference [Adv. Docket No. 6] (the "**Discovery Order**").

E. The Discovery Order requires that the Parties conduct a discovery conference (the "**Discovery Conference**") at least 21 calendar days before the Scheduling Conference, *i.e.*, by August 7, 2019. The Discovery Order further requires that the Parties make initial disclosures (the "**Initial Disclosures**") and file a written discovery plan (the "**Discovery Plan**") within fourteen (14) days of the Discovery Conference.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

F. The Parties agree that the Scheduling Conference shall be adjourned without date, and that the Parties' deadlines for the Discovery Conference, Initial Disclosures, and Discovery Plan shall be continued indefinitely.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE COURT TO ORDER, THAT:**

1. The Scheduling Conference shall be adjourned without date.

2. The Parties' deadlines to conduct the Discovery Conference, make Initial Disclosures, and file a Discovery Plan shall be continued indefinitely.

3. If either Party, at any time, wishes to reset the Scheduling Conference, that Party may request a meet-and-confer (the "**Meet-and-Confer**") with the other Party to attempt to agree as to a date on which to reset the Scheduling Conference; pursuant to the Discovery Order, that date shall provide the basis for the Parties' deadlines to conduct the Discovery Conference, make Initial Disclosures, and file a Discovery Plan. The Meet-and-Confer must take place within ten (10) days of the requesting Party's initial request to the other Party to conduct the Meet-and-Confer.

4. If the Parties cannot reach agreement as to a date on which to reset the Scheduling Conference within ten (10) days of the Meet-and-Confer, any Party shall have the right to request that this Court hold a status conference, on at least ten (10) days' notice, at which all Parties may be heard regarding the date on which to reset the Scheduling Conference.

| | |
|---|---|
| Dated: August 6, 2019 | Dated: August 6, 2019 |
| KELLER & BENVENUTTI LLP | MICHELSON LAW GROUP |
| /s/ *Peter J. Benvenutti* <br> Peter J. Benvenutti, Esq. | /s/ *Randy Michelson* <br> Randy Michelson |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Public Employees Retirement Association of New Mexico* |